IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | No. 4:14-CR-00250-CDP-TIA |
| ) | |
| DAVID BRECKER, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney for said District, requests this Court deny Defendant David Brecker's Motion to Dismiss [Doc. #335] ("Defendant's Motion").

### BACKGROUND

On August 13, 2014, David Brecker and several others were charged in a multi-count indictment. Brecker was charged with two counts of conspiring to possess and possession with intent to distribute marijuana in violation of Title 21, United States Code, Sections 841 and 846. Brecker was also charged with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956.

Brecker filed the instant motion moving to dismiss his indictment (presumably only the two drug violations) due to the unconstitutional classification of marijuana. In his motion, Brecker attempts to jam the round policy argument of marijuana legalization into the square hole of constitutional legal analysis. Indeed, Brecker's policy statement is better suited for members of Congress than this Court, and it should be denied on its face.

**ARGUMENT**

**I.     Standard of Review.**

In United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) the Supreme Court set forth the constitutional requirements for an indictment, as follows:

> [F]irst, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

Id. at 108, quoting Hamling v. United States, 418 U.S. 87, 117 (1974).

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is sufficient to state an offense by setting forth the words of the statute itself in the indictment. United States v. Graham, 585 F.Supp.2d 1144, 1147 (D.S.D. 2008); United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988). The court must determine only whether the indictment is valid on its face. Costello v. United States, 350 U.S. 359, 363 (1956).

To the extent the constitutionality of a federal statute is challenged, federal statutes are presumed constitutional and should only be invalidated upon a plain showing that Congress exceeded its constitutional authority. See United States v. Morrison, 529 U.S. 598, 607 (2000).

**II.    Breckers's argument that the classification of marijuana and THC as a Schedule I substance violates the right to Equal Protection is without merit.[1]**

*A. The statute and classification should be examined using a rational basis analysis*

Numerous courts reviewing similar, if not the same, constitutional challenges as Brecker's challenge, including the Eighth Circuit, have applied rational basis review.  See,

---

[1] Defendant's motion is strikingly similar to a motion made and ruled on in United States District Court of Minnesota. The court there considered and rejected a number of arguments now put forth by Brecker. See United States v. Heying, No. 14-CR-30, 2014 WL 5286153 (Aug. 15, 2014) (unpublished). The court's reasoning is incorporated into the argument section, *supra*.

e.g., United States v. Fogarty, 692 F.2d 542, 547–48 (8th Cir.1982); United States v. Kiffer, 477 F.2d 349, 353–57 (2nd Cir.1973); United States v. Washington, 887 F.Supp.2d 1077, 1102 (D.Mont.2012); United States v. Maiden, 355 F.Supp. 743, 747–48 (D.Conn.1973). However, Brecker argues that a fundamental right to liberty is implicated and thus strict scrutiny analysis should be applied. The argument fails because, as the Supreme Court has noted, every criminal prosecution implicates the right to liberty, and that liberty right is already addressed in the Bill of Rights.

Brecker's fundamental liberty interests are fully addressed by the Constitutional guarantees related to criminal process which apply to all criminal prosecutions. "Every person has a fundamental right to liberty in the sense that the Government may not punish him unless and until it proves his guilt beyond a reasonable doubt at criminal trial in accordance with the relevant Constitutional guarantees." Chapman v. United States, 500 U.S. 453, 464-65 (1991); See also United States v. Johnson, 40 F.3d 436, 439 n. 1 (D.C. Cir. 1994) (declining to apply strict scrutiny based on the fundamental right of "liberty" in a crack cocaine equal protection challenge: "Appellants' asserted 'liberty interests' bear no relation to the fundamental 'rights' at stake in cases such as Rodriguez (education) and Skinner v. Oklahoma, 316 U.S. 535, 541 (1942) (marriage and procreation), interests which represented more than just the manufactured 'right' to be free from the very punishment at issue in the core equal protection challenge."). Simply put, like every other criminal defendant, Brecker's fundamental right to liberty is protected regardless of his equal protection challenge here. The issue is whether he has established a fundamental right which is infringed upon by the statute or scheduling table itself. He has not.

Brecker cites Washington v. Glucksburg, 521 U.S. 702 (1997) in support.

3

However, Glucksburg actually serves to undercut Brecker's argument. Glucksburg presented the question whether the State of Washington's prohibition against physician assisted suicide violated the Fourteenth Amendment. The plaintiff, challenging the criminal statute, argued for strict scrutiny urging a fundamental right exists for a competent terminally ill person to commit physician-assisted suicide. Id. at 708. The Supreme Court, noting that "the states are currently engaged in serious, thoughtful examinations of physician-assisted suicide," refused to recognize a fundamental right in this area. Id. at 719. The Court stressed that it has always been reluctant to expand the concept of substantive due process. It noted that it had provided heightened protection for certain rights, such as marriage, marital privacy, contraception, etc., "in addition to the specific freedoms protected by the Bill of Rights." Id. at 719, at 720. The Court did not find a fundamental right to assisted suicide and therefore applied rational scrutiny. Accordingly, Glucksberg does not support Breker's argument that this and every other criminal statute should be reviewed under strict scrutiny.

  B. *Case law mandates that the classification of marijuana as a Schedule I controlled substance passes rational basis scrutiny.*

Under the rational basis test, a classification "cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 320 (1993). The classification is entitled to "a strong presumption of validity" and the party "attacking the legislative arrangement" bears the burden of negating "every conceivable basis which might support it." Id. at 319–20 (internal quotation marks omitted); see also United States v. Thomas, 628 F.3d 64, 70–71 (2d Cir.2010). The government "has no obligation to produce evidence to sustain the rationality of a statutory classification." Heller, 509 U.S. at 320. Thus, "the law will be upheld if there is a plausible

4

policy reason for the classification, the facts considered by the policy maker were rationally considered to be true, and the relationship between the classification and the policy goal is not so attenuated as to render the classification arbitrary or irrational." United States v. Washington, 887 F. Supp. 2d 1077, 1102 (D. Mont. 2012) (citing Nordlinger v. Hahn, 505 U.S. 1, 11-12 (1992); see also Beach Communications, 508 U.S. at 313 (rational basis review not a license for courts to judge the wisdom, fairness or logic of legislative choices).

The question for this Court is whether there was and is any rational basis for the scheduling chosen by Congress and confirmed to date by the DEA. According to seemingly every court that has reviewed this same issue, there unquestionably was and is. Courts have regularly ruled "the classification of marijuana is clearly constitutional." United States v. Heying, 2014 WL 5286153 (D. Minn. Aug. 15, 2014).

Brecker's equal protection challenge to the scheduling decision is foreclosed by the Eighth Circuit, which has ruled twice on this same issue. In United States v. Fogerty, 692 F.2d 542, 547-48 (8th Cir. 1982) the defendant was convicted of conspiracies to possess and to import marijuana. The defendant argued that the classification of marijuana as a schedule I controlled substance was irrational, arbitrary and violated the due process and equal protection mandates of the Fifth Amendment. Id. at 547. The Eighth Circuit first found there was no fundamental right involved. As a result, the legislative classification must be upheld unless it bore no rational relationship to a legitimate government purpose. Id. The Eighth Circuit stressed that under the rational relationship test, the judiciary may not act as a "super-legislature" to judge the wisdom or desirability of legislative policy, especially on the issue of scheduling drugs. The Eighth Circuit also rejected defendant's equal protection argument. Noting that there was an "ongoing vigorous dispute" as to the effects of marijuana, its potential for abuse and its medical value, that

5

dispute "supported the rationality of the continued schedule I classification." Id. at 547-48.  The Court stated: "[t]hus, even assuming, arguendo, that marijuana has some currently accepted medical uses, the Schedule I classification may nevertheless be rational in view of countervailing factors such as current pattern, scope and significance of marijuana abuse and the risk it poses to public health." Id. at 548.  Finally, the court stressed that Congress had provided a "comprehensive reclassification scheme" under Section 811, as well as providing the Courts of Appeals with exclusive jurisdiction to review the administrative decision in Section 877.  The court further noted that judicial self-restraint is especially in light of the fact that the challenged classification entails legislative judgments on a whole host of controversial medical, scientific and social issues. Id. at 547.

  The Eighth Circuit reaffirmed Fogerty in United States v. White Plume, 447 F.3d 1067 (8th Cir. 2006).  As in Fogerty, the Eighth Circuit refused to apply strict scrutiny analysis, finding no fundamental right was involved. 447 F.3d at 1075.  Applying rational basis review, the court found the classification of marijuana under Schedule I was neither arbitrary nor irrational.  Accordingly, the court ruled that "categorizing marijuana…as a Schedule I substance passes muster under the rational basis test." Id. at 1076; see also Monson v. DEA, 589 F.3d 952, 964 (8th Cir. 2009) (Congress's decision to regulate the manufacture of all marijuana plants ... was a rational means of achieving one of Congress' primary objectives: "to control the supply and demand of controlled substances in both lawful and unlawful drug markets"); United States v. McFarland, 2012 WL 5864008, *1, n.2 (D.S.D November 19, 2012) (in case involving same challenge to marijuana classification as here, argument that Fogerty is outdated fails because White Plume reaffirmed Fogerty in 2006).

  Every other federal circuit court to consider the constitutionality of the scheduling of

marijuana has also applied the rational basis standard of review and upheld the statute.  See Sacramento Nonprofit Collective v. Holder, 552 Fed. Appx. 680 (9th Cir. 2014) (unpublished) (court noted that use of medical marijuana is more accepted today, but stated it was unwilling to declare that legal recognition of such a right has reached the point where it should be removed from the arena of public debate and legislative action); United States v. Canori, 737 F.3d 181 (2nd Cir. 2013) (noting in a challenge to Ogden Memo, that the Second Circuit has previously upheld constitutionality of classification of marijuana as Schedule I drug); United States v. Burton, 894 F.2d 188, 192 (6th Cir. 1990); United States v. Frye, 787 F.2d 903, 905 (4th Cir. 1986); United States v. Middleton, 690 F.2d 820, 824 (11th Cir. 1982); United States v. Erwin, 602 F.2d 1183, 1185 (5th Cir. 1979).

Finally, no district court that has been asked to consider the arguments presented in Brecker's motion to dismiss has granted such a motion.  See United States v. Heying, 2014 WL 5286153 (D. Minn. Aug. 15, 2014); United States v. Wilde, 2014 WL6469024 (the classification of marijuana as a schedule I controlled substance satisfied traditional rational basis review); United States v. Lepp, 2013 WL 1435144, *18 (N.D. Cal. April 9, 2013) (unpublished) (equal protection claims foreclosed by Raich and Sacramento Nonprofit Collective); United States v. Washington, 887 F. Supp. 2d 1077, 1102-03 (D. Mont. 2012) (declining to elevate standard of review above rational basis because defendant did not demonstrate fundamental right to use marijuana and based upon Ninth Circuit precedent); Kuromiya v. United States, 37 F. Supp. 2d 717, 727 (E.D. Pa. 1999) (The court cannot say that Congress did not have a "rational" basis to include marijuana within the CSA. "The ongoing dispute regarding the safety and usefulness of marijuana ... supports the rationality of the Act."); United States v. Zhuta, 2010 WL 5636212, *3(W.D. N.Y. October 29, 2010) (same argument as here "repeatedly rejected by

federal courts").

Further, on at least three occasions, the Supreme Court has held that marijuana is illegal under federal law, notwithstanding state laws on the issue. United States v. Oakland Cannabis Buyers' Coop., 532 U.S. 483, 491, 492 n.5 (2001) ("Whereas some other drugs can be dispensed and prescribed for medical use . . . the same is not true for marijuana. . . . [T]he only express exception for schedule I drugs is the Government-approved research project. . . Unlike drugs in other schedules . . . schedule I drugs [like marijuana] cannot be dispensed under a prescription."); Gonzales v. Raich, 545 U.S. 1, 24, 27 (2005) (The Controlled Substance Act's "regulatory scheme is designed . . . to prohibit entirely the possession or use of substances listed in Schedule I, except as part of a strictly controlled research project." The Act "designates marijuana as contraband for any purpose."); Gonzales v. Oregon, 546 U.S. 243, 248-49 (2006) ("Congress' express determination that marijuana had no accepted medical use foreclosed any argument about statutory coverage of drugs available by a doctor's prescription."). Most strikingly, the Supreme Court recently refused to grant certiorari to a case out of the D.C. Circuit Court regarding the classification of marijuana as a Schedule I substance. Americans for Safe Access v. DEA, 706 F.3d 438 (D.C. 2013) (cert. denied Americans for Safe Access v. DEA, 134 S. Ct. 267 (2013)). This refusal to address the issue by the Supreme Court strongly signals that the Court's view of marijuana's classification as expressed in Raich remains unchanged.

**III.   The current prosecution policy does not violate the Tenth Amendment**

Brecker attacks the current policy regarding the federal prosecution of marijuana as irrational and in violation of the Tenth Amendment. Brecker has not correctly described the policy, and he has failed to demonstrate that the policy violates any of his constitutional rights.

   *A.   Brecker misconstrues Department of Justice policy.*

8

The Cole Memo states that its purpose is to update Department guidance in light of the fact that several states have legalized the possession of small amounts of marijuana and provided for the regulation of marijuana production, processing and sale. See Defendant's Exhibit A (Cole Memo), p. 1. Significantly, and contrary to Brecker's characterization, the Cole Memo specifically states, "The guidance set forth herein applies to all federal enforcement activity, including civil enforcement and criminal investigations and prosecutions, concerning marijuana in *all* states." See Defendant's Exhibit A (Cole Memo), p. 1 (emphasis added).

The Memo notes that Congress has determined that marijuana is a dangerous drug and that the illegal distribution and sale of it is a serious crime. Id. It further states that the Department is committed to enforcing the statute and will use its limited investigative and prosecutorial resources to address the most significant threats in the most effective, consistent and rational way. Id. The Memo sets forth eight enforcement priorities so that each U.S. Attorney's Office can determine which marijuana cases most merit prosecution. See Defendant's Exhibit A (Cole Memo), pp. 1-2.

Included among the significant federal priorities are, "[p]reventing revenue from the sale of marijuana from going to criminal enterprises, gangs, and cartels," "[p]reventing violence and the use of firearms in the cultivation and distribution of marijuana," and "[p]reventing the diversion of marijuana from states where it is legal under state law in some form to other states." See Defendant's Exhibit A (Cole Memo), pp. 1-2. "The primary question in *all* cases- and in *all* jurisdictions-should be whether the conduct at issue implicates one or more of the enforcement priorities listed above." See Defendant's Exhibit A (Cole Memo), p. 3 (emphasis added).

Contrary to Brecker's mischaracterization, the Cole Memo does not shelter from

prosecution those who distribute marijuana in states which allow it to be distributed.  For example, the Memo states that it "serves as guidance to Department attorneys and law enforcement to focus their enforcement resources and efforts, including prosecutions, on persons or organizations whose conduct interferes with any one or more of these priorities, *regardless of state law*."  See Defendant's Exhibit A (Cole Memo), p. 2 (emphasis added).

Thus, the Memo provides that federal prosecutors are to remain aggressive in protecting the eight listed federal enforcement interests, including exercising their prosecutorial discretion to investigate and prosecute individuals who infringe against any of the stated federal interests, no matter where they live or what the laws in their state may permit.

Essentially, the Department of Justice is attempting to make charging decisions regarding federal drug laws more uniform across all the states.  No matter whether a state has enacted laws to legalize marijuana for medical use, recreational use, or not at all, the guidance to federal prosecutors is the same: continue to prioritize those cases that implicate one or more of the stated priorities and leave lower-level or localized activity to state and local authorities.

Thus, in every jurisdiction the question is the same: how the case impacts the stated federal priorities.  For example, the Memo indicates that for states that have enacted laws to authorize marijuana related conduct, the Department expects these states will establish strict regulatory schemes backed by strong enforcement systems.  Where such schemes and systems have been established, the threat to federal priorities may well be less likely.  See Defendant's Exhibit A (Cole Memo), p. 3.  But where a state has not enacted and enforced a strict regulatory scheme, federal prosecutors will bring individual prosecutions and may challenge the regulatory scheme itself.  Id.

Finally, the memo states it is intended solely as a guide to the exercise of investigative

and prosecutorial discretion and does not alter in any way the Department of Justice's authority to enforce federal laws relating to marijuana, regardless of state law.  See Defendant's Exhibit A (Cole Memo), p. 4.

   B. *There is no basis for a Tenth Amendment violation.*

   The Tenth Amendment provides that all powers not specifically granted to the federal government are reserved to the states or citizens.  Of importance here, the Eighth Circuit has held that a Tenth Amendment claim fails if the challenged statute is a valid exercise of a power "relegated" to Congress.  United States v. Louper-Morris, 672 F.3d 539, 562 (8th Cir. 2012).  The Supreme Court found that the CSA is a proper exercise of Congress' authority under the Commerce Clause.  Gonzales v. Raich, 545 U.S. 1 (2005). The inquiry ends there.

   Brecker bases his Tenth Amendment argument upon Shelby County v. Holder, 133 S. Ct. 2612, 2623 (2013), which held that a portion of the Voting Rights Act ("VRA") was unconstitutional because it imposed federal supervision over state election procedures, without a continuing sufficient exceptional condition to justify it.  Unlike here, Shelby County involved the federal regulation of a power committed to the states – regulating elections.  Id. at 2623 (the Court found that the states were intended to "keep for themselves, as provided in the Tenth Amendment, the power to regulate elections.").  While the Court noted the fundamental principal of equal sovereignty between the states, the significant factor in Shelby County was that to infringe upon a broad power committed to the states, the federal government must have "exceptional conditions" "for an extraordinary departure from the traditional course of relations between the States and Federal government." 133 S. Ct. at 2623-25.  Because the Supreme Court found that the justification for federal supervision of state election procedures in those states covered by the VRA no longer existed, that portion of the VRA no longer comported with the

Tenth Amendment.

Shelby County has no legal relevance to Brecker's case. First, unlike the VRA, the CSA does not treat different states differently. It criminalizes marijuana distribution equally in all states. Further, the Cole Memo, as noted *infra*, does not treat different states differently; instead, it set forth criteria to apply to all cases, no matter where they are located.

Second, unlike Shelby County, here the federal government is not attempting to regulate in an area left to the states to control. The CSA is a valid exercise of Congressional authority under the Commerce Clause. Raich, 545 US at 15-22, 32-33. And, the doctrine of equal sovereignty does not apply to Congressional action under the Commerce Clause. National Collegiate Athletic Ass'n v. Governor of New Jersey, 730 F.3d 208, 238 (3rd Cir. 2013) (equal sovereignty analysis only applicable to certain congressional powers and Commerce Clause is outside of equal sovereignty analysis; "[t]his only makes sense: Congress' exercises of Commerce Clause authority are aimed at matters of national concern and finding national solutions will necessarily affect states differently; accordingly the Commerce Clause '[u]nlike other powers of [C]ongress[,] does not require geographic uniformity'" (citation omitted)); see also Washington, 887 F. Supp. 2d at 1100-01 (under the Supremacy Clause of the Constitution there is no viable Tenth Amendment claim based on federal prosecution of marijuana distribution activity that is legal under state law.)

Third, Brecker cannot use the Tenth Amendment to attack an exercise of prosecutorial discretion or guidance. The Cole Memo, as an exercise of prosecutorial discretion, is a permissible exercise of executive branch power. The Cole Memo "is intended solely as a guide to the exercise of investigative and prosecutorial investigation." See Defendant's Exhibit A (Cole Memo), p. 4. "In our criminal justice system, the Government retains "broad discretion"

12

as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985). "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Id.; see also United States v. Nixon, 418 U.S. 683, 693 (1974). Brecker has cited to no cases which supports his argument that the Tenth Amendment can be used in this way.

The courts have repeatedly recognized the discretion afforded to the Department of Justice to determine how best to utilize its resources to prosecute marijuana dealers. A number of similar court challenges were made against the Ogden Memo, based upon similar arguments. All were rejected. Canori, 737 F.3d at 185 (Attorney General's discretion to prioritize certain types of prosecutions, as expressed in the Ogden Memo, neither legalizes marijuana or creates a constitutional crisis); Washington, 887 F. Supp 2d at 1100 (Congress defines offenses and the Attorney General has broad discretion in enforcing the law); United States v. Hicks, 722 F. Supp. 2d 829, 833 (E.D. Mich. 2010) (holding that "the Department of Justice's discretionary decision to direct its resources elsewhere does not mean that the Federal government now lacks the power to prosecute those who possess marijuana.").

Finally, and most importantly, Brecker has turned the meaning of the Tenth Amendment on its head. The Cole Memo sets forth a prosecutorial policy to determine which marijuana cases to bring in light of the initiatives of several states. If anything, the federal government has recognized limited authority in the individual states to take different approaches to marijuana, while setting forth a nationwide policy that clearly enunciates the type of cases from any state which implicate the federal interest. Thus, there is no Tenth Amendment violation here.

## **CONCLUSION**

For the foregoing reasons, the United States of America respectfully requests that this Court deny the Defendant's Motion to Dismiss [Doc. #335].

> Respectfully submitted,
>
> RICHARD G. CALLAHAN
> United States Attorney
>
> */s/ Stephen Casey*
> Stephen Casey #58879MO
> Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

> /s/ Stephen Casey
> Stephen Casey #58879MO
> Assistant United States Attorney