THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CR250 CDP (TIA) |
| | ) | |
| DAVID BRECKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(B). Defendant David Brecker moves to dismiss the indictment in this matter asserting that the categorization of marijuana as a Schedule I Controlled Substance violates the Equal Protection Clause of the Fifth Amendment and that the enforcement policies employed by the United States Department of Justice violate the Tenth Amendment and applicable principles of federalism. The Government responded to the motion and an evidentiary hearing was held on March 11, 2015, and continued on March 16, 2015. For the reasons set forth below, the undersigned recommends that the motions to dismiss the indictment on the grounds that the categorization of marijuana as a Schedule I Controlled Substance and the enforcement policies of the Department of Justice and violate the Equal Protection Clause of the Fifth Amendment and applicable principles of federalism be denied.

In August 2014, Defendant David Brecker and several other individuals were charged by indictment and arrested. Defendant Brecker was charged with the following: (1) two counts of distributing and possessing with intent to distribute marijuana and (2) one count of knowingly conducting and attempting to conduct financial transactions affecting interstate or foreign

commerce, which transactions involved the proceeds of specified illegal activity. The marijuana charges stem from alleged violations of the Controlled Substances Act ("CSA"), U.S. C., Title 21, Sections 841 and 846.

On August 29, 2013, Deputy Attorney General James Cole issued a Memorandum to United States Attorneys (the Cole Memorandum"). (Doc. No. 335-1.) Defendant asserts that the Cole Memorandum directs United States Attorneys to decline prosecution of cannabis and marijuana cases against individuals who are possessing, cultivating, and/or distributing marijuana in compliance with their state law.

## I. SUBJECT MATTER JURISDICTION

The undersigned will first consider the question of subject matter jurisdiction with respect to Defendant's equal protection claim. The Government has not explicitly questioned the Court's jurisdiction, but the question of subject matter jurisdiction may be raised *sua sponte* and the undersigned is aware that other courts have declined, on jurisdictional grounds, to hear claims related to the scheduling of substances under the CSA. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (holding that a court must assure itself that it has authority to address a claim brought before it).

The CSA establishes five schedules of controlled substances, with each schedule based on different criteria. 21 U.S.C. 812(a)-(b). The Attorney General is permitted to add substances to, transfer substances between, or remove substances from these schedules "if he finds that the . . . substance does not meet the requirements for inclusion in any schedule. 21 U.S.C. § 811(a)(1)&(2). The CSA further provides:

> [a]ll final determinations, findings, and conclusions of the Attorney General under [subchapter I of the CSA] shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision.

*Id*. at § 877.

Despite this apparent prohibition on district court review of administrative scheduling determinations, the Court is satisfied that it has subject matter jurisdiction to consider the current claims. The language noted above does not preclude challenges to scheduling determinations premised upon alleged constitutional infirmities in those statutes. Here, Defendant does not challenge the merit of an administrative scheduling determination. Instead, they claim that the classification of marijuana as a Schedule I drug renders the charges alleged in the indictment unconstitutional. This question falls squarely within the "federal question jurisdiction" of this Court pursuant to 28 U.S.C. § 1331(a). *Cf. Nat'l Org. for Reform of Marijuana Laws (NORML) v. Bell*, 488 F.Supp. 123, 126 n. 2, 141 n. 43 (D.C.D.C. 1980) (concluding that a district court stating that the court had subject matter jurisdiction to evaluate "the constitutional legitimacy of the classification of marijuana in Schedule I," while also noting that it "lack[ed] jurisdiction to hear a challenge to an administrative reclassification proceeding").

## II. STANDARD OF REVIEW

In order to withstand a motion to dismiss on the basis of constitutional infirmity, an indictment must "contain[ ] the elements of the offense charged," "fairly inform[ ] a defendant of the charge against which he must defend," and enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (internal quotation omitted).

3

Similarly, Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is sufficient to state an offense by setting forth the words of the statute itself in the indictment. *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988); *United States v. Graham*, 585 F.Supp.2d 1144, 1147 (D.S.D. 2008).

The reviewing court must determine only whether the indictment is valid on its face. *Costello v. United States*, 350 U.S. 359, 363 (1956). To the extent that the constitutionality of a federal statute is challenged in the motion to dismiss the indictment, federal statutes are presumed constitutional and should only be invalidated upon a plain showing that Congress exceeded its constitutional authority. *See United States v. Morrison*, 529 U.S. 598, 607 (2000).

### III. THE EQUAL PROTECTION CHALLENGE

Defendant asserts that the scheduling of marijuana as a Class I drug and the Cole Memorandum result in the discriminatory application of the CSA, thereby violating their rights under the Equal Protection Clause. Because he faces restrictions on his liberty, arising from the charges in the indictments he contends that the equal protection analysis should be conducted at the level of "strict scrutiny." Defendant further asserts that the designation of marijuana as a Schedule I drug is irrational and therefore cannot survive "rational basis" review let alone strict scrutiny under the Equal Protection Clause.

Upon consideration of Defendant's arguments the undersigned notes that Eighth Circuit precedent establishes that Defendant' equal protection challenge to the scheduling decision lacks merit. *United States v. White Plume*, 447 F.3d 1067, 1075, 1076 (8th Cir. 2006) (finding that there was no fundamental right at issue, thus refusing to apply strict scrutiny analysis and concluding that the classification of marijuana under Schedule I was "neither arbitrary nor irrational" and

4

"passes muster under the rational basis test"); *United States v. Fogarty*, 692 F.2d 542, 547-48 (8th Cir. 1982) (rejecting the need for strict scrutiny and concluding that the "ongoing vigorous dispute" as to the effects of marijuana, its potential for abuse and its medical value, demonstrated "the rationality of the continued schedule I classification"); *see also United States v. Heying*, 2014 WL5286153, at *1, 8-10 (D. Minn. Aug. 15, 2014) (rejecting an equal protection challenge to the designation of marijuana as a Schedule I controlled substance where the Defendant argued that the designation was over inclusive and irrational because marijuana is "proven to be far less harmful" than other Schedule I controlled substances) (*United States v. McFarland*, 2012 WL 5864008, *1, n.2 (D.S.D November 19, 2012) (holding in a case also involving an equal protection challenge to marijuana classification that the defendant's argument that *Fogarty* is outdated fails in light of *White Plume*'s reaffirmance of the principles set forth in *Fogarty*).

The undersigned also notes the every federal circuit court to consider the constitutionality of the scheduling of marijuana as a Class I drug also has applied the rational basis standard of review and upheld the statute. *See Sacramento Nonprofit Collective v. Holder*, 552 Fed. App'x. 680 (9th Cir. 2014) (allowing that the use of medical marijuana is more accepted today, but refusing to conclude that the legalization of marijuana for medical use removed from public debate the question of its value or amounted to recognition of a recognized right to its use); *United States v. Canori*, 737 F.3d 181(2nd Cir. 2013) (noting, in a challenge to Ogden Memo, that the Second Circuit had previously upheld constitutionality of classification of marijuana as Schedule I drug); *see also United States v. Burton*, 894 F.2d 188, 192 (6th Cir. 1990); *United States v. Frye*, 787 F.2d 903, 905 (4th Cir.1986); *United States v. Middleton*, 690 F.2d 820, 824 (11th Cir. 1982); *United States v. Erwin*,602 F.2d 1183, 1185 (5th Cir. 1979).

## IV. THE TENTH AMENDMENT CHALLENGE

Defendant also asserts that the Cole Memorandum directs federal prosecutors to decline to prosecute under the CSA individuals who distribute marijuana in a manner consistent with their state's regulatory scheme. Defendant further contends that continued enforcement of 21U.S.C. § 812, Schedule I(c) (10) and (17) ("Section 812") in states where the distribution of marijuana is illegal violates the Tenth Amendment doctrine of equal sovereignty. Specifically, Defendant contends that the policy statement presented in the Cole Memorandum has resulted in a discriminatory application of federal law, in that it protects similarly situated individuals from criminal sanctions for actions identical to those alleged against Defendant in the indictment.

### A. *The Cole Memorandum*

Upon review of the Cole Memorandum, the undersigned agrees with the Government's assertion that the Memorandum does not shelter from federal prosecution those who distribute marijuana in states which allow it to be distributed. The Cole Memorandum is intended as a guide to the exercise of investigative and prosecutorial discretion and does not alter the authority of the Department of Justice to enforce federal laws relating to marijuana, regardless of state law. *See* Doc. No. 365-1 at p. 4. The Memorandum directs "Department attorneys and law enforcement to focus their enforcement resources and efforts . . . on persons or organizations whose conduct interferes with any one or more of [eight federal enforcement interests] . . . ***regardless of state law***." *See* Doc. No. 365-1 p. 2 (emphasis added). The federal enforcement interests include the exercise of discretion to investigate and prosecute individuals whose conduct threatens the stated federal interests, without regard to the state in which the individuals live or what the laws of those states may permit. *Id.* The Memorandum also indicates that the Department of Justice expects that states which have enacted laws to authorize marijuana related conduct also will establish strict

regulatory schemes backed by strong enforcement systems. The Memorandum contemplates, however, that where a state has not enacted and enforced a strict regulatory scheme, federal prosecutors will bring individual prosecutions and may challenge the regulatory scheme itself. *See* Doc. No. 365-1at p. 3.

    B. *Analysis*

Under the Tenth Amendment, all powers not specifically granted to the federal government are reserved to the states or the citizens of those states. U.S. Const., Amend. X; *United States v. Louper-Morris*, 672 F.3d 539, 562 (8th Cir. 2012). Pursuant to the related doctrine of "equal sovereignty" each of the states is considered equal in power and authority. *Shelby Cnty., Ala. v. Holder*, 133 S.Ct. 2612, 2623 (2013); *United States v. Bond*, 131 S.Ct. 2355, 2364-65(2011); *United States v. Louisiana*, 363 U.S. 1, 16, 80 S.Ct. 961, 4 L.Ed.2d 1025 (1960).

The threshold determination to be made with respect to any Tenth Amendment claim is whether the challenged statute is a valid exercise of a power "relegated" to Congress or instead regulates in an area committed to the authority of the states. *Louper-Morris*, 672 F.3d at 562. Where the challenged statute is a valid exercise of a power "relegated" to Congress the doctrine of equal sovereignty has no relevance.

In this case Defendant challenges a substance scheduling classification under the CSA, a statute which the Supreme Court has determined represents proper exercise of Congress' authority under the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 1; 15-22, 32-33; 125 S.Ct. 2195, 2204-2206 (2005). Because the challenged statute is a valid exercise of authority under the Commerce Clause, the Tenth Amendment inquiry ends and there is no need to consider equal sovereignty concerns here. *Id.* Moreover, the doctrine of equal sovereignty does not apply to Congressional

action under the Commerce Clause. *Nat'l Coll. Athletic Ass'n v. Governor of New Jersey*, 730 F.3d 208, 238 (3rd Cir. 2013) (holding that equal sovereignty analysis only applicable to certain congressional powers and Commerce Clause is outside of equal sovereignty analysis). This is so because "Congress' exercises of Commerce Clause authority are aimed at matters of national concern and finding national solutions will necessarily affect states differently." *Id*. (citation omitted)); *see also United States v. Washington*, 887 F. Supp. 2d at 1100-01 (D. Mont. 2012) (under the Supremacy Clause of the Constitution there is no viable Tenth Amendment claim based on federal prosecution of marijuana distribution activity that is legal under state law.)

In addition, *Shelby Cnty., Ala. v. Holder*, on which Defendant relies, is inapposite. That case involved a portion of the Voting Rights Act ("VRA"), a federal statute regulating the conduct of state elections, a power clearly committed to the states. *Id.* at 2623 (stating that the states were intended to "keep for themselves, as provided in the Tenth Amendment, the power to regulate elections"). In *Shelby Cnty., Ala.*, the Supreme Court addressed the principal of equal sovereignty because the case involved a power ordinarily committed to the states and noted that the federal government must show that burdens created by disparate treatment of the states are justified by current needs. *Id*. at 2627 (citing *Northwest Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 203 (2009)). Because the Supreme Court found that the justification for federal supervision of state election procedures in those states covered by the VRA no longer existed, that portion of the VRA no longer comported with the Tenth Amendment. *Id*. Therefore, the case is distinguishable not only because it involved an area of regulation traditionally reserved to the states, but also because the CSA,[1] unlike the VRA, does not treat different states differently. It

---

[1] Similarly, the Cole Memorandum does not direct federal prosecutors to treat different states differently; instead, it sets forth criteria to be applied in all cases in all states.

criminalizes marijuana distribution in all states.

## V.    CONCLUSION

On the basis of the foregoing, the undersigned concludes that Defendant's motion to dismiss the indictment should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss the Indictment (Doc. No. 335) should be **DENIED**. Further, the parties are advised that they have fourteen (14) days, in which to file written objections to this recommendation and determination. Failure to timely file objections may result in waiver of the right to appeal questions of fact. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir.1990).

Dated this 8th Day of April, 2015.

*/s/ Terry I. Adelman*
UNITED STATES MAGISTRATE JUDGE